UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZACARIAS BLANCO-OLEA,

Petitioner,

v.

FEDERAL BUREAU OF PRISONS, et al.,

Respondents.

Civil Action No. 1:26-13163-JCB

ORDER TO REASSIGN TO A DISTRICT JUDGE
AND RECOMMENDATION FOR DISMISSAL

September 21, 2026

Boal, M.J.

On July 9, 2026, Zacarias Blanco-Olea, who is confined at FMC Devens, filed a civil complaint against the Federal Bureau of Prisons ("BOP") and FMC Devens, claiming that the BOP will not apply time credits to his sentence that he has earned under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, §§ 101-102, 132 Stat. 5194, [ECF No. 1], and seeking "compensation plus his earned FSA credits," [id. at 4]. Since that time, this Court has issued two orders directing Blanco-Olea to resolve the filing fee, but he has failed to follow these orders. For that reason, this Court orders that this case be reassigned to a District Judge and recommends that the District Judge deny Blanco-Olea's third motion for leave to proceed in forma pauperis [ECF No. 10] and dismiss this action without prejudice for failure to pay the filing fee.

I. Background

Blanco-Olea filed with his complaint an Application to Proceed in District Court Without Prepayment Fees or Costs [ECF No. 2], to which the Court will refer as a motion for leave to

proceed in forma pauperis. Blanco-Olea did not submit a prison account statement with the motion.

A. July 24, 2026 Order

On July 24, 2026, the Court issued an order stating that, because this action challenges the duration of his confinement, this action would be construed as one for a writ of habeas corpus under 28 U.S.C. § 2241, for which the filing fee is $5.00. [ECF No. 5 at 2]. The Court also stated that damages are not available in habeas actions. [Id. at 2].

In addition, the Court denied without prejudice Blanco-Olea's motion for leave to proceed in forma pauperis. [Id. at 2-3]. The Court directed Blanco-Olea to resolve the filing fee by (1) paying the $5.00 fee; or (2) filing a renewed in forma pauperis motion accompanied by a prison account statement or certificate from an FMC Devens official showing the balance of his prison account. [Id. at 3]. The Court stated that failure to do so could result in a recommendation to a District Judge that the case be dismissed without prejudice. [Id.].

B. August 14, 2026 Order

On August 14, 2026, Blanco-Olea filed a second in forma pauperis motion, but he did not provide a prison account statement or a certificate from an FMC Devens official showing his prison account balance. [ECF No. 7]. The same day, the Court issued an order denying the in forma pauperis motion on that basis, and again directed Blanco-Olea to pay the fee or file a renewed in forma pauperis motion with a certificate the prison account statement or certificate showing his prison account balance. [ECF No. 8].

On August 28, 2026, Blanco-Olea filed a third motion for leave to proceed in forma pauperis motion, but again he failed to include a prison account statement or a certificate from an FMC Devens official showing his prison account balance. [ECF No. 10].

## II. Discussion

Congress has established a $5.00 fee for filing a petition for a writ of habeas corpus. See 28 U.S.C. § 1914(a). The Rules Governing Section 2254 Cases in the United States District Courts require that, when a petition under 28 U.S.C. § 2254 is filed, it must be accompanied by (1) the filing fee; or (2) a motion for leave to proceed in forma pauperis and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a) of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to other habeas actions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

As set forth above, in two previous orders this Court directed Blanco-Olea to either (1) pay the $5.00 filing fee; or (2) file an in forma pauperis motion with a prison account statement or a certificate showing the balance of his prison account statement. On both occasions, Blanco-Olea responded by filing an in forma pauperis motion without said account statement or certificate. For that reason, I recommend that the pending motion for leave to proceed in forma pauperis [ECF No. 10] be DENIED and that this action be dismissed without prejudice for failure to pay the filing fee.

## III. Conclusion

Accordingly, this Court hereby ORDERS that this case be reassigned to a District Judge and RECOMMENDS to the District Judge that the motion for leave to proceed in forma pauperis [ECF No. 10] be DENIED and that this action be DISMISSED without prejudice.

## IV. Notice Of Right To Object

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must

specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

DATED: September 21 2026